*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TERRY A. KILLING,

           Claimant-Appellee,

and

SODEXO MANAGEMENT INC.,

           Appellee,

v

DEPARTMENT OF LABOR AND ECONOMIC
OPPORTUNITY/UNEMPLOYMENT
INSURANCE AGENCY, formerly known as
DEPARTMENT OF TALENT AND ECONOMIC
DEVELOPMENT/UNEMPLOYMENT
INSURANCE AGENCY,

           Appellant.

UNPUBLISHED
March 17, 2020

No. 346176
Macomb Circuit Court
LC No. 2018-000136-AE

Before: TUKEL, P.J., and MARKEY and SWARTZLE, JJ.

PER CURIAM.

The Department of Labor and Economic Opportunity/Unemployment Insurance Agency appeals by leave granted the trial court's order affirming the administrative decision that claimant was ineligible for unemployment benefits, but waiving restitution of those improperly received benefits.[1] Briefly, claimant is a deliveryman for a private contractor that delivers food to K-12 schools during the school year. He sought and received unemployment benefits for the summer of 2017, as he had similarly done for summers past. The agency promptly paid benefits to claimant, but, in accordance with MCL 421.62(d), the agency explained that if it later determined that claimant was not eligible for such benefits, it could seek restitution. The agency did, in fact,

---

[1] *Killing v Dep't of Talent & Economic Dev*, unpublished order of the Court of Appeals, entered March 28, 2019 (Docket No. 346176).

-1-

conclude that claimant was not eligible under the so-called "school denial period" because he had reasonable assurances of returning to work at the end of the summer. The agency also determined that claimant had to pay restitution for the improperly received benefits. On appeal, the trial court affirmed the agency's ineligibility determination but sua sponte waived restitution. The only issue on appeal is whether the trial court properly waived restitution.

We observe that the trial court likely over-stepped its authority. The Legislature enacted the precise restitution mechanism that the trial court lamented here—prompt initial payment of unemployment benefits with the proviso that, if a claimant is subsequently determined to be ineligible for such benefits, then restitution of the improperly paid benefits could be sought. The claimant could seek a waiver of such restitution, and the Legislature set out three specific circumstances under which waiver would be appropriate. MCL 421.62(a)(*i*)-(*iii*).

The record confirms that, while claimant argued before the agency that he was not required to pay restitution because he received benefits in the past under similar circumstances, he did not argue that he satisfied one of the specific circumstances for a waiver under MCL 421.62(a)(*i*)-(*iii*). The record also confirms that claimant has not claimed that the Legislature's waiver provision is somehow unconstitutional. The trial court had limited authority to review the agency's decision, MCL 421.38(1), and the trial court appears to have exceeded that authority both by reaching an issue not squarely presented to the agency and by waiving restitution on a ground outside the statutory framework.

With that said, this matter is now moot. The agency stated in its reply brief that it has not collected any restitution and that "it wrote off the balance on this unemployment claim." We read this as a clear representation by the agency and its legal counsel (the Attorney General's office) to this Court that the agency no longer seeks (and will not renew seeking) payment of any restitution from claimant of the benefits paid to him during the summer of 2017. Thus, whether the trial court exceeded its authority on the question of restitution is now moot, and an "essential element" of our judicial authority is that we cannot reach a moot question except in rare circumstances not present here. *In re Detmer/Beaudry*, 321 Mich App 49, 55; 910 NW2d 318 (2017).

Accordingly, the appeal is dismissed for mootness.

/s/ Jonathan Tukel
/s/ Jane E. Markey
/s/ Brock A. Swartzle

-2-